ANDERSON, administrator, *et al. v.* HOLLIS *et al.*

Costs in a given case which has gone to judgment, whereon an execution has been issued, can not be collected by ruling the sheriff upon that execution, when it appears that the same has been returned to court satisfied in full, and that such costs had not been taxed in the case or entered upon such execution. This is true though the costs herein referred to have been erroneously taxed in another case against the same defendant and entered upon the execution issued on a judgment therein rendered.

Submitted February 13, — Decided May 29, 1899.

Money rule. Before Judge Felton. Bibb superior court. November term, 1897.

Hollis et al. petitioned for a rule against Westcott, sheriff, to require him to show cause why he should not pay over to petitioners a certain fund alleged to be in his hands, which they claimed as witness fees. The petition alleged that peti-

tioners were witnesses in the case of Edmond Huff against
J. L. Anderson as administrator of Harrison McNeil, deceased;
that on April 2, 1896, a fi. fa. for $220.00 principal, and
$119.40 costs, was issued from the superior court of Bibb county,
and Westcott, sheriff, by virtue of such execution, levied upon
and sold a sufficiency of property to satisfy the principal and
costs due thereon, and that $40.00 of the costs were due the
petitioners as witness fees. The sheriff answered, that a fi. fa.
for $313.00 principal, with interest from May 20, 1896, and
$71.60 costs, issued from Bibb superior court on October 8,
1897, in favor of Edmond Huff against J. L. Anderson, ad-
ministrator of Harrison McNeil deceased, was placed in his
hands for levy and sale; that there was no entry of witness fees
on such fi. fa., or in the bill of costs entered thereon; that this
fi. fa. is the only one in favor of Edmond Huff against J. L.
Anderson, administrator of Harrison McNeil deceased, that
had ever been placed in his hands; that he had made a levy by
virtue of this fi. fa., and sold the property so levied upon on the
first Tuesday in November, 1897; that prior to the sale there
was placed in his hands a fi. fa. issued from Bibb superior
court upon a judgment rendered April 7, 1894, in favor of
Elizabeth Huff against J. L. Anderson, administrator of Har-
rison McNeil deceased, which last-mentioned fi. fa. was fully
discharged as to principal, interest, and costs, except as to
entry of witness fees thereon for $64.00; that respondent had
declined to pay such fees entered upon this last-mentioned
fi. fa. to petitioners, because he was notified by the attorneys
for Anderson, administrator, David McNeil, the other de-
fendant in each of the fi. fas., Elizabeth Huff and Edmond
Huff, not to pay out any part of the fund for such witness fees,
as the claim therefor was disputed by all of said parties as an
invalid and improper claim, and that they desired to contest
it. The sheriff further answered that the fi. fa. of Edmond
Huff against Anderson, administrator of McNeil, had been
fully paid off and discharged, and the money arising from the
sale thereunder had been fully distributed, except as to said
witness fees.

When the case was called for trial, Anderson as adminis-

trator of McNeil offered a written motion to be made a party defendant to the proceeding, and tendered to the court, in connection with such motion, an answer to the rule, setting forth his claim to the fund in the sheriff's hands. This answer, as to the Edmond Huff execution, was substantially the same as that of the sheriff. As to the Elizabeth Huff fi. fa., the answer of Anderson, administrator, alleged, that Elizabeth Huff obtained a judgment against him, April 7, 1894, on a verdict rendered December 15, 1893, for $220.00 principal; "that said verdict was in part in favor of said Elizabeth Huff, and in part in favor of the defendants in said case, and the said judgment rendered on said verdict divided the costs of court in said case between the plaintiffs and defendants equally, and ordered the costs in said case to be taxed equally against plaintiffs and defendants; that an execution issued on said judgment on the 2nd day of April, 1896, at the instance of the plaintiffs to this rule, after said judgment had been discharged as to the principal and fully discharged except as to the costs of court; that in the execution so issued as aforesaid, plaintiffs to the rule and certain others, calling themselves witnesses in said case, had the clerk to enter $64.00 as witness fees, and on the back of said execution to enter their names in various amounts opposite, amounting in all to said sum of $64.00; that said witness fees and the costs of court were erroneously taxed against this defendant entirely, and as defendant believes the whole amount of said witness fees in said execution is entirely erroneous, for that the subpoena-docket of said superior court, in which said case was tried, shows that none of said witnesses were ever subpoenaed at all in the case of Elizabeth Huff against this defendant, except the said J. S. Avant, who, as said docket shows, was not subpoenaed till the day on which said case was tried, and, as this defendant is informed and believes, was not sworn or examined as a witness in said case at all, if he even attended said trial. Defendant further shows that the testimony on said trial was all taken on the said 14th day of December, 1893, and all the witnesses in said case were on that day discharged; that the entire costs of said case of Elizabeth Huff against this defendant, except said $64.00

witness fees erroneously entered, have long since been paid and receipted for by the proper officers of court; and that any moneys arising from the sale of lands under the aforesaid levy and sale, after payment of said fi. fa. levied, was the right and property of the estate he represents."

The court overruled this motion and passed the following order: "I refuse to allow the defendant Anderson to be made a party to the rule, the court holding that Anderson's petition shows that the costs were merely taxed on the wrong fi. fa., if there was any error at all in taxing the costs, and that the administrator is liable for the costs for the witness fees taxed by the clerk." The sheriff's answer was not traversed, but was dismissed on general demurrer of petitioners to the rule. The court made the rule absolute against the sheriff for the amount claimed by petitioners as witness fees. Anderson as administrator, and the sheriff, both excepted to the refusal of the court to allow Anderson, administrator, to be made a party to the proceeding, and to the granting of the rule absolute against the sheriff.

*Anderson, Anderson & Grace* and *Ryals & Stone*, for plaintiffs in error. *M. Felton Hatcher* and *Guerry & Hall*, contra.

FISH, J. The petition for the rule against the sheriff alleged that the petitioners were witnesses in the case of Edmond Huff against Anderson as administrator of McNeil; that an execution was issued in that case in favor of the plaintiff against the defendant, April 2, 1896, for $220 principal, and $119.40 costs, including the fees due petitioners as such witnesses; that the sheriff had made the money on the execution, and had in his hands a sufficiency of the same to pay petitioners' fees. The untraversed answer of the sheriff, which was dismissed by the court below on general demurrer, was to the effect that the only fi. fa. in favor of Edmond Huff against Anderson as administrator of McNeil, ever placed in his hands, was issued October 8, 1897, and was for $313 principal, with interest from May 20, 1896, and $71.60 costs, "that there was no entry of witness fees whatever on said fi. fa., or in the bill of costs entered thereon," and that this fi. fa. had

been fully satisfied. Taking, as we must, this untraversed answer to be true, the petitioners had nothing upon which a rule absolute in their favor could be based. The sheriff had never had any such fi. fa. as was described in the petition, and no witness fees were included in the only fi. fa. he had ever had in favor of Edmond Huff against Anderson as administrator of McNeil, and this fi. fa. moreover had been fully satisfied. It is true that the answer of the sheriff admitted that he had in his hands a fi. fa. in favor of Elizabeth Huff against Anderson as administrator of Harrison McNeil, with entry of witness fees thereon; yet the petitioners did not claim fees as witnesses in that case and on that fi. fa., nor could the witness fees included in that fi. fa. be collected by making a rule absolute which was founded on an entirely different fi. fa. As it appeared from the answer of the sheriff, as well as that of Anderson as administrator, that no fees were due petitioners as witnesses in the Edmond Huff case, and that none were included in the fi. fa. issued therein and upon which the rule was based, it follows that Anderson as administrator, he being the defendant in execution, was entitled to the balance of the fund raised on such fi. fa., after paying the principal and interest due the plaintiff and the cost due the officers of court. The answer of Anderson as administrator also set forth facts in denial of any claim which petitioners might have had for witness fees under the Elizabeth Huff fi. fa., which the sheriff had in his hands. We think the court erred in refusing to allow Anderson as administrator to be made a party defendant to the rule, and in dismissing the sheriff's answer and making the rule absolute against him.

*Judgment reversed. All the Justices concurring, except Simmons, C. J., who was disqualified.*